# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| JAMES CELESTE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INTRUSION INC., JACK BLOUNT, and B. FRANKLIN BYRD,<br><br>Defendants. | Civil Action No. 4:21-cv-00307-SDJ |
| GEORGE NEELY and JOAN NEELY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INTRUSION INC., JACK BLOUNT, and B. FRANKLIN BYRD,<br><br>Defendants. | Civil Action No. 4:21-cv-00374-SDJ |

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ESMOND L. DOMINICK FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL**

**MOTION**

**TO:  ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that Esmond L. Dominick ("Dominick") respectfully moves this Court for an order: (1) consolidating the above-captioned related actions; (2) appointing Dominick as lead plaintiff pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (3) approving Dominick's selection of Glancy Prongay & Murray LLP ("GPM") as lead counsel and Kendall Law Group, PLLC ("Kendall Law") as local counsel; and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

This Motion is supported by the following Memorandum of Law, Declaration of Joe Kendall and the exhibits attached thereto, a proposed Order, and all of the prior pleadings and proceedings in this matter, and such other written and/or oral argument as may be permitted by the Court.

**MEMORANDUM OF LAW**

**I.      PRELIMINARY STATEMENT**

This is a class action on behalf of persons who purchased or otherwise acquired Intrusion Inc. ("Intrusion" or the "Company") securities between January 13, 2021 and April 13, 2021, inclusive (the "Class Period").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.

1

Dominick believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Dominick satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Dominick respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Dominick's selection of GPM as lead counsel and Kendall Law as local counsel for the Class should be approved because the firms have substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    STATEMENT OF FACTS[1]

Intrusion develops, sells, and supports products that purport to protect entities from cyberattacks by combining advanced threat intelligence with real-time artificial intelligence. It offers three products: Shield, a cybersecurity solution packaged as a comprehensive, real-time AI-based Security-as-a-Service; TraceCop, a big data tool with IP intelligence, including reputation information on known good and known bad active IP addresses; and Savant, a network monitoring solution that identifies suspicious traffic in real-time.

On April 14, 2021, White Diamond Research published a report alleging, among other things, that Intrusion's product, Shield, "has no patents, certifications, or insurance, which are all essential for selling cybersecurity products" and that "Shield is based on open-source data already available to the public." Thus, the report stated that "Shield is a repackaging of pre-

---

[1] This section is adapted from the allegations in the complaints in the above-captioned actions.

existing technology rather than an innovative offering." Moreover, the report alleged that the claims that Shield "stopp[ed] a total of 77,539,801 cyberthreats from 805,110 uniquely malicious entities . . . in the 90-day beta program" were "outlandish," leading White Diamond to question "[h]ow have these companies been able to function so far, as they've been attacked many times per minute by ransomware, malware, data theft, phishing and DDoS attacks?"

On this news, the Company's share price fell $4.50, or over 16%, to close at $23.75 per share on April 14, 2021, on unusually heavy trading volume. The share price continued to decline by $3.22, or 14%, over the next trading session to close at $20.53 per share on April 15, 2021.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that Intrusion's Shield product was merely a repackaging of existing technology in the Company's portfolio; (2) that Shield lacked the patents, certifications, and insurance critical to the sale of cybersecurity products; (3) that the Company had overstated the efficacy of Shield's purported ability to protect against cyberattacks; (4) that, as a result of the foregoing, Intrusion's Shield was reasonably unlikely to generate significant revenue; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

## III. PROCEDURAL BACKGROUND

On April 16, 2021, Plaintiff James Celeste commenced a securities fraud lawsuit against Intrusion and certain of its officers in this District, captioned *Celeste v. Intrusion Inc., et al.*, Case No. 4:21-cv-00307 (the "*Celeste* Action"). It is brought on behalf of persons and entities that purchased or otherwise acquired Intrusion securities during the Class Period.

On May 14, 2021, Plaintiffs George Neely and Joan Neely commenced a substantially similar lawsuit in this District, captioned *Neely, et al. v. Intrusion Inc., et al.*, Case No. 4:21-cv-00374 (the "*Neely* Action," and together with the *Celeste* Action, the "Related Actions"). It is also brought on behalf of persons and entities that purchased or otherwise acquired Intrusion securities during the Class Period.

## IV.   ARGUMENT

### A.   The Related Actions Should be Consolidated for All Purposes

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact.

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 432-33 (S.D. Tex. 2010) (consolidating actions when there were "substantial commonalities," "overlapping [d]efendants," and "a common core of facts and legal issues").

### B.   Dominick Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA

provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Dominick satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Dominick has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Dominick is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Dominick respectfully submits that he should be appointed lead plaintiff. .

### 1. Dominick Filed A Timely Motion

Dominick has made a timely motion in response to a PSLRA early notice. On April 16, 2021, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Joe Kendall ("Kendall Decl.") Ex. A. Therefore, Dominick had sixty days (*i.e.*, until June 15, 2021) to file a motion to be appointed as lead plaintiff. As a

purchaser of Intrusion securities during the Class Period, Dominick is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Dominick attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Kendall Decl., Ex. B. Accordingly, Dominick satisfies the first requirement to serve as lead plaintiff for the class.

### 2.    Dominick Has the "Largest Financial Interest"

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Dominick believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Dominick purchased Intrusion securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Kendall Decl., Ex. C. To the best of his knowledge, Dominick is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Dominick believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3.    Dominick Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). At this stage of the proceedings, Rule 23(a) generally requires that the claims of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23; *see also Hohenstein v. Behringer Harvard REIT I, Inc.*, 2012 WL 6625382, at \*4 (N.D. Tex. 2012). Moreover, at the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23. *See Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997). As detailed below, Dominick satisfies the typicality and adequacy requirements.

### a)    Dominick's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same events or course of conduct that give rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See In re Waste Mgmt. Sec. Litig.*, 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *See Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002).

7

Dominick's claims are typical of the claims asserted by the proposed members of the Class. Like all members of the Class, Dominick alleges that Defendants' material misstatements and omissions concerning Intrusion's business, operations, and financial prospects violated the federal securities laws. Dominick, like all members of the Class, purchased Intrusion securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Dominick's interests and claims are "typical" of the interests and claims of the Class.

### b)      Dominick Is An Adequate Representative

The adequacy requirement of Rule 23(a)(4) entails considerations of whether a proposed representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy requirement mandates an inquiry into (1) the zeal and competence of the representatives' counsel and (2) the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Strong v. AthroCare Corp.*, 2008 WL 11334942, at *8 (W.D. Tex. Dec. 10, 2008) (citing *Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 479 (5th Cir. 2001)).

Here, Dominick easily satisfies the adequacy requirements. Dominick's financial interest demonstrates that he has a sufficient incentive to ensure vigorous advocacy, and Dominick is not aware of any conflict between his claims and those asserted on behalf of the class. Moreover, Dominick has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Kendall Decl., Exs. D & E. Consequently, Dominick has demonstrated that he meets all the PSLRA's requirements for a lead plaintiff, and his request for appointment as lead plaintiff should therefore be granted.

8

C.    **Lead Plaintiff's Selection Of Counsel Should Be Approved**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Dominick has selected GPM as lead counsel for the class and Kendall Law as local counsel. The firms have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. As reflected by the firms' résumés, *see* Kendall Decl., Exs. D and E, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Dominick's selection of counsel.

V.    **CONCLUSION**

For the foregoing reasons, Esmond L. Dominick respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Dominick as Lead Plaintiff for the Class; (3) approving GPM as Lead Counsel and Kendall Law as Local Counsel for the Class; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: June 15, 2021                         Respectfully submitted,

                                             */s/ Joe Kendall*
                                             Joe Kendall
                                             Texas Bar No. 11260700
                                             **KENDALL LAW GROUP, PLLC**
                                             3811 Turtle Creek Blvd., Suite 1450
                                             Dallas, Texas 75219
                                             Telephone: 214-744-3000
                                             Facsimile: 214-744-3015
                                             Email: jkendall@kendalllawgroup.com

                                             *Local Counsel for Lead Plaintiff Movant Esmond L.*
                                             *Dominick and Proposed Local Counsel for the*
                                             *Class*

9

**GLANCY PRONGAY & MURRAY LLP**
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 201-9150
Facsimile:   (310) 201-9160

*Counsel for Lead Plaintiff Movant Esmond L. Dominick and Proposed Lead Counsel for the Class*

## CERTIFICATE OF CONFERENCE

Local Rule 7(h) requires a conference of counsel prior to filing motions. Due to the PSLRA's lead plaintiff procedure, however, counsel for Dominick do not yet know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Dominick respectfully requests that the conferral requirement of LR 7(h) be waived.

*/s/ Joe Kendall*
Joe Kendall

## CERTIFICATE OF SERVICE

I hereby certify that on this day, June 15, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Joe Kendall*
Joe Kendall