UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JAMES CELESTE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> INTRUSION INC., JACK BLOUNT, and B. FRANKLIN BYRD, <br><br> Defendants. | Case No.  4:21-cv-00307-SDJ <br><br> MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JOHN BRYAN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL |
| GEORGE NEELY and JOAN NEELY, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> INTRUSION INC., JACK BLOUNT, and B. FRANKLIN BYRD, <br><br> Defendants. | Case No.  4:21-cv-00374-SDJ |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ................................................................................................ 3

ARGUMENT...................................................................................................................... 4

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES.. 4

II.     BRYAN SHOULD BE APPOINTED LEAD PLAINTIFF ............................................. 5

        A.      Bryan Is Willing to Serve as Class Representative.................................................. 6

        B.      Bryan Has the "Largest Financial Interest" in the Related Actions........................ 7

        C.      Bryan Otherwise Satisfies the Requirements of Rule 23........................................ 8

III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ......... 10

CONCLUSION................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bassin v. Decode Genetics, Inc.*,
  230 F.R.D. 313 (S.D.N.Y. 2005) ...................................................................................5

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
  252 F.R.D. 188 (S.D.N.Y. 2008) ...................................................................................4

*Buettgen v. Harless*,
  263 F.R.D. 378 (N.D. Tex. 2009) ...........................................................................7, 8, 9

*Hohenstein v. Behringer Harvard Reit I, Inc.*, No. 3:12-CV-3772-G,
  2012 U.S. Dist. LEXIS 180013 (N.D. Tex. Dec. 20, 2012) ..................................8, 10

*In re BP, PLC Sec. Litig.*,
  758 F. Supp. 2d 428 (S.D. Tex. 2010) ...........................................................................7

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001).............................................................................................7

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
  2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007)......................................7, 11

*In re Dynegy, Inc. Sec. Litig.*, C.A. No. H-02-1571,
  2002 U.S. Dist. LEXIS 27858 (S.D. Tex. Oct. 28, 2002)...........................................10

*In re Enron Corp. Sec. Litig.*,
  206 F.R.D. 427 (S.D. Tex. 2002)................................................................................7, 8

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
  2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) .............................................5

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...............................................................................7

*In re Tronox, Inc. Sec. Litig.*,
  262 F.R.D. 338 (S.D.N.Y. 2009) ...................................................................................4

*James v. City of Dallas, Tex.*,
  254 F.3d 551 (5th Cir. 2001) ..........................................................................................9

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990)..........................................................................................4

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
   1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)..........................................................7

*Makhlouf v. Tailored Brands, Inc.*, No. H-16-0838,
   2017 U.S. Dist. LEXIS 41872 (S.D. Tex. Mar. 23, 2017).......................................................10

*Malcolm v. Nat'l Gypsum Co.*,
   995 F.2d 346 (2d Cir. 1993)......................................................................................................4

*Marcus v. J.C. Penney Co.*, No. 6:13-CV-736,
   2014 U.S. Dist. LEXIS 197529 (E.D. Tex. Feb. 28, 2014) ...............................................7, 8, 9

*Mullen v. Treasure Chest Casino, LLC*,
   186 F.3d 620 (5th Cir. 1999) ....................................................................................................9

*Ramzan v. GDS Holdings, Ltd.*, No. 4:18CV539-ALM-KPJ,
   2018 U.S. Dist. LEXIS 183758 (E.D. Tex. Oct. 26, 2018) .......................................................9

*Shiqiang Chen v. NQ Mobile*, No. 4:18-CV-00096,
   2018 U.S. Dist. LEXIS 92672 (E.D. Tex. May 31, 2018).........................................................8

*Singh v. 21 Vianet Grp., Inc.*, No. 2:14-cv-894-JRG-RSP,
   2015 U.S. Dist. LEXIS 125385 (E.D. Tex. Sept. 21, 2015) ......................................................8

*Stein v. Match Group, Inc.*, No. 16-cv-549-L,
   2016 WL 3194334 (N.D. Tex. June 9, 2016) ............................................................................9

## Statutes

15 U.S.C. § 78u-4(a)(3)(B)(iii) ............................................................................................ *passim*

Private Securities Litigation Reform Act of 1995 .......................................................................10

## Rules

Fed. R. Civ. P. 23 ................................................................................................................ *passim*

Fed. R. Civ. P. 42 ....................................................................................................................1, 4

John Bryan (together, "Bryan") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Federal Rule of Civil Procedure 42, for an Order: (1) consolidating the above-captioned related actions ("Related Actions"); (2) appointing Bryan as Lead Plaintiff on behalf of a class consisting of all persons and entities other than the above-captioned defendants ("Defendants") who purchased or otherwise acquired Intrusion Inc. ("Intrusion" or the "Company") securities between January 13, 2021 and April 13, 2021, both dates inclusive (the "Class Period") (the "Class"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel, and The Briscoe Law Firm, PLLC ("BLF") as Liaison Counsel, for the Class.

## PRELIMINARY STATEMENT

The complaints in the Related Actions allege that during the Class Period Intrusion and certain of its officers defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and United States ("U.S.") Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5) by misrepresenting Intrusion's business and operations.  Intrusion investors, including Bryan, incurred significant losses on April 14, 2021, after White Diamond Research published a report alleging, among other things, that Intrusion's product, Shield, "has no patents, certifications, or insurance, which are all essential for selling cybersecurity products" and that "Shield is based on open-source data already available to the public."  *See* Complaint in the first filed of the Related Actions, Dkt. No. 1 ("Complaint") at ¶ 3.  On this news, Intrusion's stock price fell sharply, damaging Bryan and other Intrusion investors.  *See id.* ¶ 4.

1

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Related Actions and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Bryan, having incurred losses of approximately $5,703 in connection with his Class Period purchases of Intrusion securities, believes that he has the largest financial interest in the relief sought in the Related Actions.  *See* Declaration of Willie C. Briscoe in Support of Motion ("Briscoe Decl."), Ex. A.

Beyond his significant financial interest, Bryan also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his responsibilities as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Bryan has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors, and recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the U.S. Based in New York, Pomerantz also maintains offices in Chicago, Los Angeles, and Paris, France. Bryan has also selected the highly respected firm BLF, which has significant experience in complex and securities matters, to serve as Liaison Counsel for the Class.

Accordingly, based on his significant financial interest and commitment to overseeing this litigation, Bryan respectfully requests that the Court enter an order appointing him as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel, and BLF as Liaison Counsel, for the Class.

2

**STATEMENT OF FACTS**

As the Complaint alleges, Intrusion develops, sells, and supports products that purport to protect entities from cyberattacks by combining advanced threat intelligence with real-time artificial intelligence.  Complaint ¶ 2.  It offers three products: Shield, a cybersecurity solution packaged as a comprehensive, real-time AIbased Security-as-a-Service; TraceCop, a big data tool with IP intelligence, including reputation information on known good and known bad active IP addresses; and Savant, a network monitoring solution that identifies suspicious traffic in real-time. *Id.*

On April 14, 2021, White Diamond Research published a report alleging, among other things, that Intrusion's product, Shield, "has no patents, certifications, or insurance, which are all essential for selling cybersecurity products" and that "Shield is based on open-source data already available to the public." *Id.* ¶ 3.  Thus, the report stated that "Shield is a repackaging of pre-existing technology rather than an innovative offering." *Id.*  Moreover, the report alleged that the claims that Shield "stopp[ed] a total of 77,539,801 cyberthreats from 805,110 uniquely malicious entities . . . in the 90-day beta program" were "outlandish," leading White Diamond to question "[h]ow have these companies been able to function so far, as they've been attacked many times per minute by ransomware, malware, data theft, phishing and DDoS attacks?" *Id.*

On this news, the Company's share price fell $4.50, or over 16%, to close at $23.75 per share on April 14, 2021, on unusually heavy trading volume. *Id.* ¶ 4.  The share price continued to decline by $3.22, or 14%, over the next trading session to close at $20.53 per share on April 15, 2021. *Id.*

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. *Id.* ¶ 5. Specifically, Defendants failed to disclose to investors: (1) that

3

Intrusion's Shield product was merely a repackaging of existing technology in the Company's portfolio; (2) that Shield lacked the patents, certifications, and insurance critical to the sale of cybersecurity products; (3) that the Company had overstated the efficacy of Shield's purported ability to protect against cyberattacks; (4) that, as a result of the foregoing, Intrusion's Shield was reasonably unlikely to generate significant revenue; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Bryan and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same).

4

Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4–8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law ***and*** fact. Each action is brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that defendants issued materially false and misleading statements and omissions that artificially inflated the price of Intrusion's securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 U.S. Dist. LEXIS 69133, at *5 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

## II.    BRYAN SHOULD BE APPOINTED LEAD PLAINTIFF

Bryan should be appointed Lead Plaintiff because, to his knowledge, he has the largest financial interest in the Related Actions and otherwise satisfies the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Specifically, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Bryan satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.    Bryan Is Willing to Serve as Class Representative

On April 16, 2021, counsel for plaintiff in the first filed of the Related Actions caused a notice to be published over *Business Wire*, pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that an action had been filed against Defendants and advised investors in Intrusion securities that they had until June 15, 2021—*i.e.*, 60 days—to file a motion to be appointed as lead plaintiff (the "Notice").  *See* Briscoe Decl., Ex. B.  Bryan has filed the instant motion pursuant to the Notice and has attached a signed Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C.  Accordingly, Bryan satisfies the first requirement to serve as Lead Plaintiff for the Class.

6

### B.    Bryan Has the "Largest Financial Interest" in the Related Actions

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Bryan has the largest financial interest of any Intrusion investor or group of investors seeking to serve as Lead Plaintiff. For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*:  (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[1] these *Lax* factors have been adopted by courts in the Fifth Circuit, including in this district specifically.  *See, e.g.*, *Marcus v. J.C. Penney Co.*, No. 6:13-CV-736, 2014 U.S. Dist. LEXIS 197529, at *13-*15 (E.D. Tex. Feb. 28, 2014); *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 433 (S.D. Tex. 2010); *Buettgen v. Harless*, 263 F.R.D. 378, 380 (N.D. Tex. 2009); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002).

During the Class Period, Bryan: (1) purchased 500 shares of Intrusion securities; (2) expended $12,950 on his purchases of Intrusion securities; (3) retained all of his Intrusion shares; and (4) incurred losses of approximately $5,703 in connection with his Class Period purchases of Intrusion securities.  *See* Briscoe Decl., Ex. A.  To the extent that Bryan possesses the largest

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007).

financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C.      Bryan Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Singh v. 21 Vianet Grp., Inc.*, No. 2:14-cv-894-JRG-RSP, 2015 U.S. Dist. LEXIS 125385, at *4 (E.D. Tex. Sept. 21, 2015); *Hohenstein v. Behringer Harvard Reit I, Inc.*, No. 3:12-CV-3772-G, 2012 U.S. Dist. LEXIS 180013, at *6 (N.D. Tex. Dec. 20, 2012).  Moreover, "'[f]or the purposes of the lead plaintiff analysis, only the typicality and adequacy prongs of Rule 23 are relevant.'"  *Shiqiang Chen v. NQ Mobile*, No. 4:18-CV-00096, 2018 U.S. Dist. LEXIS 92672, at *5 (E.D. Tex. May 31, 2018) (quoting *Marcus*, 2014 U.S. Dist. LEXIS 197529, *15 (citing *Buettgen*, 263 F.R.D. at 381)); *see also Singh*, 2015 U.S. Dist. LEXIS 125385, at *4 ("When naming a lead plaintiff, a court considers only typicality and adequacy."); *Enron*, 206 F.R.D. at 441.

The typicality requirement of Rule 23(a)(3) is satisfied where the named representative's claims have "'the same essential characteristics as those of the other class members.'"  *Shiqiang*,

2018 U.S. Dist. LEXIS 92672, at *5 (quoting *Marcus*, 2014 U.S. Dist. LEXIS 197529, at *15 (quoting *Buettgen*, 263 F.R.D. at 381)); *Stein v. Match Group, Inc.*, No. 16-cv-549-L, 2016 WL 3194334, at *5 (N.D. Tex. June 9, 2016).  "'Typicality does not require a complete identity of claims.  Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class.  If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.'" *James v. City of Dallas, Tex.*, 254 F.3d 551, 571 (5th Cir. 2001) (quoting 5 James Wm. Moore, *et al.*, *Moore's Federal Practice* ¶ 23.24[4] (3d ed. 2000)).

Bryan's claims are typical of those of the Class.  Bryan alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or omitting to disclose material facts concerning Intrusion.  Bryan, as did all members of the Class, purchased Intrusion securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove the price of Intrusion's securities downward.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class."  The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Ramzan v. GDS Holdings, Ltd.*, No. 4:18CV539-ALM-KPJ, 2018 U.S. Dist. LEXIS 183758, at *9 (E.D. Tex. Oct. 26, 2018); *Stein*, 2016 WL 3194334, at *5; *see also Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625-26 (5th Cir. 1999) (indicating that

"[d]ifferences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests").

As set forth in greater detail below, in Pomerantz and BLF, Bryan has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as the Related Actions, and submits his choice to the Court for approval as Lead Counsel and Liaison Counsel, respectively, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  There is no evidence of antagonism or conflict between Bryan's interests and the interests of the Class.  Moreover, Bryan has submitted a signed Certification declaring his commitment to protect the interests of the Class (*see* Briscoe Decl., Ex. C), and the significant losses incurred by Bryan demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous adequacy.

Further demonstrating his adequacy, Bryan has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of Lead Plaintiffs pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class.  *See* Briscoe Decl., Ex. D.

## III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with lead plaintiff's choice only if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Makhlouf v. Tailored Brands, Inc.*, No. H-16-0838, 2017 U.S. Dist. LEXIS 41872, at *8 (S.D. Tex. Mar. 23, 2017); *Hohenstein*, 2012 U.S. Dist. LEXIS 180013, at *7-*8; *In re Dynegy, Inc. Sec. Litig.*, C.A. No. H-02-1571, 2002 U.S. Dist. LEXIS 27858, at *21 (S.D. Tex. Oct. 28, 2002).

10

Here, Bryan has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith.  *See* Briscoe Decl., Ex. E.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010.  *See* Briscoe Decl., Ex. E.  Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company.  *See* THE WALL STREET JOURNAL, *Fiat Chrysler to Settle Lawsuit for $110 Million*, April 8, 2019 (available at https://www.wsj.com/articles/fiat-chrysler-to-settle-lawsuit-for-110-million-11554746066).

BLF is likewise well-qualified to serve as Liaison Counsel.  As its firm resume reflects, BLF maintains an office in Dallas, Texas, and the firm specializes in securities class action matters, among other practice areas.  *See* Briscoe Decl., Ex. F.  BLF has experience in achieving substantial recoveries in class actions, and its attorneys have extensive familiarity with the Local Civil Rules and practice norms of this Judicial District.

As a result of their extensive experience in litigation involving issues similar to those raised in the instant Related Actions, Bryan's counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute the Related Actions effectively and expeditiously. Thus, the Court may be assured that by approving the selection of counsel by Bryan, with

11

Pomerantz as Lead Counsel and BLF as Liaison Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Bryan respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Bryan as Lead Plaintiff for the Class; and (3) approving his selection of Pomerantz as Lead Counsel, and BLF as Liaison Counsel, for the Class.

Dated:  June 15, 2021                    Respectfully submitted,

*/s/ Willie C. Briscoe*
WILLIE C. BRISCOE
State Bar Number 24001788
THE BRISCOE LAW FIRM, PLLC
12700 Park Central Drive, Suite 520
Dallas, TX 75251
Telephone: 972-521-6868
Facsimile: 346-214-7463
wbriscoe@thebriscoelawfirm.com

*Counsel for Bryan and*
*Proposed Liaison Counsel for the Class*

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
Thomas H. Przybylowksi
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
tprzybylowski@pomlaw.com

*Counsel for Bryan and*
*Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

This is to certify that on June 15, 2021, I have caused to be filed the above and foregoing on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and exact copies of this filing.

/s/ Willie C. Briscoe
WILLIE C. BRISCOE

13