UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JAMES CELESTE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INTRUSION INC., JACK BLOUNT, and B. FRANKLIN BYRD,<br><br>Defendants. | § CIVIL ACTION NO. 4:20-cv-00307-SDJ<br>§<br>§ **MOTION AND MEMORANDUM OF LAW**<br>§ **IN SUPPORT OF MOTION OF MOVANT**<br>§ **ANDREW BRONSTEIN FOR**<br>§ **CONSOLIDATION OF RELATED CASES,**<br>§ **APPOINTMENT AS LEAD PLAINTIFF**<br>§ **AND APPROVAL OF LEAD**<br>§ **PLAINTIFF'S SELECTION OF COUNSEL**<br>§<br>§ CLASS ACTION<br>§<br>§ |
| GEORGE NEELY and JOAN NEELY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INTRUSION INC., JACK BLOUNT, and B. FRANKLIN BYRD,<br><br>Defendants. | § CIVIL ACTION NO. 4:20-cv-00374-SDJ<br>§<br>§ CLASS ACTION<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## <u>MOTION</u>

Movant Andrew Bronstein ("Movant"), through counsel, hereby moves the Court pursuant to Section 21D of the Securities and Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order: (1) consolidating the above-captioned related actions; (2) appointing Movant as Lead Plaintiff in this action; and (3) approving Movant's selection of The Rosen Law Firm P.A. as Lead Counsel and Steckler Wayne Cochran Cherry, PLLC as Liaison Counsel for the litigation and all subsequently filed related litigations.

In support of this Motion, Movant submits a Memorandum of Law dated June 15, 2021; (2) Appendix Accompanying Movant's Motion, dated June 15, 2021; and (3) a [Proposed] Order Consolidating the Related Cases, Appointing Movant as Lead Plaintiff, and Approving Movant's Selection of Counsel.

## MEMORANDUM OF LAW

### Background:

The above captioned action styled as *Celeste v. Intrusion Inc., et al.,* Case No. 4:20-cv-00307-SDJ was commenced on April 16, 2021, in this court against the Company, Jack Blount, and B. Franklin Byrd ("Defendants") for violations of the Exchange Act. That same day, an early notice pursuant to the PSLRA was published advising class of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Exhibit 1 to the Appendix filed herewith (the "App."). On May 14, 2021, the related action *Neely v. Intrusion Inc., et al.*, Case No. 4:20-cv-00374-SDJ, was filed alleging substantially similar claims under the Exchange Act against the same defendants over the same Class Period.

Defendant Intrusion develops, sells, and supports products that purport to protect entities from cyberattacks by combining advanced threat intelligence with real-time artificial intelligence. It offers three products: Shield, a cybersecurity solution packaged as a comprehensive, real-time AI based Security-as-a-Service; TraceCop, a big data tool with IP intelligence, including reputation information on known good and known bad active IP addresses; and Savant, a network monitoring solution that identifies suspicious traffic in real-time.

The complaint alleges that during the Class Period Defendants made false and misleading statements and/or failed to disclose that: (1) Intrusion's Shield product was merely a repackaging of existing technology in the Company's portfolio; (2) Shield lacked the patents, certification, and insurance critical to the sale of cybersecurity products; (3) the Company had overstated the efficacy of Shield's purported ability to protect against cyberattacks; (4) as a result of the foregoing, Intrusion's Shield was reasonably unlikely to generate significant revenue; and (5) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

On January 13, 2021, the Company issued a press release entitled and announcing that "INTRUSION Successfully Completes Beta Testing of its Newest Cybersecurity Solution, Shield; Announces General Availability."

Then on April 14, 2021, White Diamond Research published a report alleging, among other things, that Shield, "has no patents, certifications, or insurance, which are all essential for selling cybersecurity products" that "Shield is based on open-source data already available to the public[,]" and that "Shield is a repackaging of pre-existing technology rather than an innovative offering."

The White Diamond Research report also raised other issues with the Company and Shield, such as "The Companies Featured From the Shield Beta Test Are Small And Have Existing Relationships with Intrusion" and also expressed doubt that Intrusion's recent purported sales agreements would lead to significant revenue.

On this news, the Company's share price fell $4.50, or over 16%, to close at $23.75 per share on April 14, 2021, on unusually heavy trading volume. The share price continued to

decline by $3.22, or 14%, over the next trading session to close at $20.53 per share on April 15, 2021. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint a lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that Movant is the most adequate plaintiff of the class and, therefore, should be appointed as Lead Plaintiff.

### A.    Movant Is Willing to Serve as Class Representative

Movant has submitted a sworn shareholder certification attesting to the fact that Movant is willing to serve as representative of the class and is willing to provide testimony at deposition

and trial, if necessary. *See* App., Exhibit 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B.       Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption can only be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Movant lost approximately $74,939 in connection with purchases of Intrusion securities. *See* App., Exhibit 3 (Movant's Loss Chart). Movant is not aware of any other person that has suffered greater losses in Intrusion securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.       Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

Movant fulfills all of the requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class and Movant's claims are typical of the claims of members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements concerning Intrusion and its business. Movant, as well as other members of the class, purchased Intrusion shares at prices artificially inflated by Defendants' misrepresentations and omissions and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's strong desire to prosecute this action on behalf of the class, provides ample reason to grant Movant's motion to serve as Lead Plaintiff.

### D.   Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MOVANT ANDREW BRONSTEIN FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL** – Page 7

(a)  will not fairly and adequately protect the interests of the
class; or

(b)  is subject to unique defenses that render such plaintiff
incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant has around 40 years of investing experience and is a resident of Pennsylvania. He is retired and was the founder and chief executive officer of a company which provides ethics and whistleblower hotlines and services to businesses. Movant also holds a Master of Business Administration.

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the class.

## III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel and Steckler Wayne Cochran Cherry, PLLC as Liaison Counsel. The firms have been actively researching Movant's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against the Defendants. Furthermore, the firms are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MOVANT ANDREW BRONSTEIN FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL** – Page 8

investors. *See* App., Exhibits 4-5. The firms have prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firms' experiences in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (a) consolidating the related actions; (b) appointing Movant as Lead Plaintiff of the class; (c) approving The Rosen Law Firm P.A. as Lead Counsel and Steckler Wayne Cochran Cherry, PLLC as Liaison Counsel; and (d) granting such other relief as the Court may deem to be just and proper.

Dated: June 15, 2021                                    Respectfully submitted,

                                                        **STECKLER WAYNE COCHRAN CHERRY,**
                                                        **PLLC**
                                                        */s/ Stuart L. Cochran*
                                                        Stuart L. Cochran
                                                        Texas Bar No.: 24027936
                                                        Braden M. Wayne
                                                        Texas Bar No.: 24075247
                                                        12720 Hillcrest Rd., Suite 1045
                                                        Dallas, Texas 75230
                                                        T: 972-387-4040
                                                        F: 972-387-4041
                                                        stuart@swclaw.com
                                                        braden@swclaw.com

                                                        *[Proposed] Liaison Counsel for*
                                                        *Movant and the Class*

**THE ROSEN LAW FIRM, P.A.**
Laurence Rosen, Esq. (pro hac vice to be filed)
Phillip Kim, Esq. (pro hac vice to be filed)
275 Madison Avenue, 40th Floor
New York, NY 10116
Phone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Movant and Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Stuart L. Cochran*
Stuart L. Cochran

## CERTIFICATE OF CONFERENCE

Local Rule CV-7(h) requires a conference of counsel prior to filing motions. Due to the PSLRA's lead plaintiff procedure, however, Movant does not yet know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of Local Rule CV-7(h) be waived.

*/s/ Stuart L. Cochran*
Stuart L. Cochran