UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES CELESTE, Individually and on Behalf of All Others Similarly Situated, | § | CIVIL ACTION NO. 4:20-cv-00307-SDJ |
| | § | |
| | § | **MEMORANDUM OF LAW OF ANDREW** |
| Plaintiff, | § | **BRONSTEIN IN OPPOSITION TO** |
| | § | **COMPETING LEAD PLAINTIFF** |
| | § | **MOTIONS** |
| v. | § | |
| | § | |
| | § | CLASS ACTION |
| INTRUSION INC., JACK BLOUNT, and B. FRANKLIN BYRD, | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |
| GEORGE NEELY and JOAN NEELY, | § | CIVIL ACTION NO. 4:20-cv-00374-SDJ |
| Individually and on Behalf of All Others | § | |
| Similarly Situated, | § | CLASS ACTION |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| INTRUSION INC., JACK BLOUNT, and B. FRANKLIN BYRD, | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

Lead Plaintiff Movant Andrew Bronstein ("Mr. Bronstein" or "Movant") respectfully submits this opposition to the pending competing lead plaintiff motions. Dkt. Nos. 14 and 16.[1]

## BACKGROUND

Three lead plaintiff motions were filed in this Court seeking consolidation of the related actions, appointment as lead plaintiff and approval of lead counsel, on behalf of purchasers or acquirers of publicly traded securities of Intrusion Inc. ("Intrusion" or the "Company") between January 13, 2021 and April 13, 2021, inclusive (the "Class Period").

Of the movants, Mr. Bronstein clearly has the largest financial interest with $74,939 in losses from his Class Period transactions of Intrusion securities. Because Mr. Bronstein has the largest financial interest in this action and also *prima facie* satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that Mr. Bronstein is presumed to be the "most adequate plaintiff" and, therefore, should be appointed lead plaintiff on behalf of the putative class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## ARGUMENT

## I.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA "creates a 'rebuttable presumption' that the lead plaintiff 'has the largest financial interest in the relief sought by the class." *Brown v. Bilek*, 401 F. App'x 889, 893 (5th Cir. 2010) (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)). The presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff

---

[1] Each lead plaintiff movant timely moved for the consolidation of the related actions, for appointment as lead plaintiff, and for approval of counsel on June 15, 2021 and received notice by the Clerk's office of filing deficiencies on June 16, 2021. On June 16, 2021, Mr. Bronstein and Mr. Dominick, and on June 17, 2021, Mr. Bryan, re-filed their motion papers pursuant to Clerk's office's direction. As such, this memorandum cites to the re-filed documents for each movant.

either (1) 'will not fairly and adequately protect the interests of the class'; or (2) 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 2020 WL 2475656, at *2 (S.D. Tex. May 13, 2020) (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)).

Here, Mr. Bronstein suffered the largest loss of any movant. Courts across the country recognize this factor as the most significant factor to be considered. *See, e.g.*, *Marcus v. J.C. Penney Co.*, 2014 WL 11394911, at *4 (E.D. Tex. Feb. 28, 2014); *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 433 (S.D. Tex. 2010); *Buettgen v. Harless*, 263 F.R.D. 378, 380 (N.D. Tex. 2009); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002); *see also Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) ("[W]e, as have other courts, shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant."); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2005) (finding the amount of the financial loss "the most significant" factor); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Indeed, Mr. Bronstein has the largest losses (more than 10x the second-largest loss) and thus the greatest financial interest of the remaining movants:

| Movant(s) | Loss |
|---|---|
| 1. Mr. Bronstein | $74,939 |
| 2. Esmond L. Dominick | $6,994 |
| 3. John Bryan | $5,703 |

Moreover, as set forth in Movant's opening papers, Mr. Bronstein has made a *prima facie* showing of his adequacy and typicality. Movant has submitted a certification attesting to his willingness to serve as lead plaintiff. Dkt. No. 15-3. Mr. Bronstein's claims are also typical of other class members because his claims arise from the same legal theories and same nucleus of

**MEMORANDUM OF LAW OF ANDREW BRONSTEIN IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS** – Page 3

fact. Movant's interests are aligned with the interests of the other class members as he has the same incentive to prove Defendants' fraud. Mr. Bronstein is a retired chief executive officer of a company which provides ethics and whistleblower hotlines and services to businesses. Dkt. No. 15 at 8. He holds a Master of Business Administration and has around 40 years of investing experience. *Id*.

In short, because Mr. Bronstein has the largest financial interest and satisfies the typicality and adequacy requirements of Rule 23, he is the presumptive lead plaintiff. Mr. Bronstein should be appointed lead plaintiff and his selection of counsel should be approved.

## II.    THE PRESUMPTION IN FAVOR OF MR. BRONSTEIN HAS NOT BEEN REBUTTED

To overcome the strong presumption entitling Mr. Bronstein to be appointed Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists in this case and any arguments to the contrary should be flatly rejected. Competing movants may attempt to conjure up speculative arguments to rebut the powerful presumption in favor of Mr. Bronstein. Any such speculative challenge does not satisfy the PSLRA's requirement that the presumptively most adequate plaintiff may only be rejected if a rival movant presents "proof" that the presumptive lead plaintiff, here Mr. Bronstein, will not adequately represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence …."); *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004) (emphasizing that the PSLRA requires proof of inadequacy and not mere "speculation").

Moreover, although the Court may compare putative lead plaintiff's losses when assessing financial stake, once the statutory presumption has attached, it cannot be rebutted through relative comparison as to adequacy or typicality. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002); *see also Sofran*, 220 F.R.D. at 402 ("That the district court believes another plaintiff may be 'more typical' or 'more adequate' is of no consequence. So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirement, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.").

As Mr. Bronstein has the largest financial interest and has made a *prima facie* demonstration of his typicality and adequacy, and no movant has rebutted the presumption with proof, he must be appointed Lead Plaintiff.

## III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C.   § 78u-4(a)(3)(B)(iii)(II) (aa); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) (the Lead Plaintiff "is primarily responsible for selecting lead counsel.").

Mr. Bronstein has selected The Rosen Law Firm P.A. ("Rosen Law") as Lead Counsel and Steckler Wayne Cochran Cherry, PLLC ("SWCC") as Liaison Counsel. Rosen Law has the resources and expertise to litigate this action efficiently and aggressively. As Rosen Law's resume reflects, it is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. Dkt. No. 15-5. Indeed, Rosen Law is one of the preeminent securities class action law firms in the country. Rosen Law has served as sole and co-lead counsel in numerous cases around

the country has recovered hundreds of millions of dollars for investors. *Id*. In 2019 alone, the ISS Institutional Securities Class Action Services ranked Rosen Law as the Number 3 securities class action firm both in terms of amount recovered for investors–$438,340,000–and the number of settlements–12.[2] Founding partner of Rosen Law, Laurence Rosen was also recognized by Law360 as a Titan of Plaintiffs Bar for 2020.[3]

SWCC and its attorneys are also experienced in complex civil litigation. *See* Dkt. No. 15-6. SWCC and its attorneys serve as local or liaison counsel in numerous securities class actions. *Id*.

Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the class will receive excellent legal representation.

## IV.     COMPETING MOTIONS SHOULD BE DENIED

The competing motions should be denied as Movant has the greatest financial interest in the litigation, satisfies the requirements of Rule 23, and should therefore be appointed Lead Plaintiff without further analyses. *Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

### CONCLUSION

For the foregoing reasons, Mr. Bronstein's motion should be granted in its entirety and competing motions should be denied.

---

[2] https://www.issgovernance.com/file/publications/ISS-SCAS-Top-50-of-2019.pdf. at p. 6-9.
[3] https://www.law360.com/articles/1254748/titan-of-the-plaintiffs-bar-rosen-law-firm-s-laurence-rosen.

**MEMORANDUM OF LAW OF ANDREW BRONSTEIN IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS** – Page 6

Dated: June 29, 2021                    Respectfully submitted,

                                        **STECKLER WAYNE COCHRAN CHERRY, PLLC**
                                        */s/ Stuart L. Cochran*
                                        Stuart L. Cochran
                                        Texas Bar No.: 24027936
                                        Braden M. Wayne
                                        Texas Bar No.: 24075247
                                        12720 Hillcrest Rd., Suite 1045
                                        Dallas, Texas 75230
                                        T: 972-387-4040
                                        F: 972-387-4041
                                        stuart@swclaw.com
                                        braden@swclaw.com

                                        *[Proposed] Liaison Counsel for*
                                        *Movant and the Class*

                                        **THE ROSEN LAW FIRM, P.A.**
                                        Laurence Rosen, Esq. (pro hac vice to be filed)
                                        Phillip Kim, Esq. (pro hac vice to be filed)
                                        275 Madison Avenue, 40th Floor
                                        New York, NY 10116
                                        Phone: (212) 686-1060
                                        Fax: (212) 202-3827
                                        Email: lrosen@rosenlegal.com
                                        Email: pkim@rosenlegal.com

                                        *[Proposed] Lead Counsel for Movant and Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of June 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


*/s/ Stuart L. Cochran*