UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES CELESTE, Individually and On Behalf of All Others Similarly Situated | § § § § | CIVIL NO. 4:21-CV-307-SDJ<br>LEAD CASE |
| GEORGE NEELY, ET AL., Individually and On Behalf of All Others Similarly Situated<br><br>v.<br>INTRUSION INC., ET AL. | § § § § § § § | CIVIL NO. 4:21-CV-374-SDJ |

## **ORDER**

Before the Court are the following motions for appointment as lead plaintiff in this proposed securities class action: (1) Motion of Esmond L. Dominick for Appointment as Lead Plaintiff and Approval of Counsel, (Dkt. #14), (2) Motion of Andrew Bronstein for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel (Dkt. #15), and (3) Motion of John Bryan for Appointment of Lead Plaintiff and Approval of Lead Counsel, (Dkt. #16).[1] After the filing of their respective motions, Dominick and Bryan filed Notices of Non-Opposition, (Dkts. #18, #20), conceding that they did not have the largest financial interest in the relief sought, as required by the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). No party opposes Bronstein's motion. Having considered the motion and the applicable law, the Court **GRANTS** Bronstein's motion and **DENIES in part** the remaining motions.

---

[1] These motions also requested consolidation of Cause No. 4:21-CV-307 with 4:21-CV-374, which the Court granted.

1

## I. LEGAL STANDARD

The PSLRA outlines the procedure for appointing a lead plaintiff in a private securities action "that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u–4(a)(1). Within twenty days of filing a class action complaint under the PSLRA, the plaintiff(s) must ensure publication of a notice in a widely circulated business publication or wire service. 15 U.S.C. § 78u–4(a)(3)(A)(i). The publication should advise members of the class of, inter alia: the claims asserted in the complaint, the relevant class period, and the fact that not later than sixty days after the date of publication, any member of the purported class may move the Court to serve as lead plaintiff. *Id.* The Court must consider each motion for appointment as lead plaintiff and appoint the movant that is "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u–4(a)(3)(B)(i).

Under the PSLRA, courts should adopt a presumption that the most adequate plaintiff to represent the class is the person or group of persons that: (1) has filed the complaint or made a timely motion in response to a notice; (2) by the Court's determination, has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). This presumption may be rebutted if a member of the purported class produces proof that the presumptive lead plaintiff: (1) is subject to unique defenses; or (2) will not adequately and fairly represent the class's interest. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). Once the Court determines the most

adequate plaintiff, it may approve the counsel selected and retained by the lead plaintiff. 15 U.S.C. § 78u–4(a)(3)(B)(v).

## II. DISCUSSION

### A. Timeliness of the Notice and Lead-Plaintiff Motions

Notice of this PSLRA action was timely published on April 16, 2021, in Business Wire, a widely circulated national business-oriented wire service. (Dkt. #15-2). The notice provided the required information, including a description of the claims asserted, the proposed class, and the right of any putative class member to move for appointment as lead plaintiff. (Dkt. #15-2). No challenge to the adequacy of the April 16, 2021 notice has been raised. The Court therefore finds that the initial notice requirement has been met. Bronstein timely filed his motion for appointment as lead plaintiff within the PSLRA's sixty-day deadline. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(aa).

### B. Largest Financial Interest

Under the PSLRA, courts are to presume that the plaintiff with the "largest financial interest in the relief sought by the class" is the lead plaintiff, so long as he or she otherwise satisfies the requirements of Rule 23. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(bb). Bronstein lost approximately $74,939 in connection with purchases of Intrusion securities, (Dkt. #15 at 6), and no party contests that Bronstein has the largest financial interest in the relief sought by the class, (Dkt. #21). Accordingly, the Court determines that Bronstein has the largest financial

interest in the relief sought by the class and is presumed to be the lead plaintiff, so long as he satisfies the requirements of Rule 23.

**C. Typicality and Adequacy Under Rule 23**

The PSLRA requires that a presumptive lead plaintiff, in addition to having incurred the greatest financial loss, must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(cc). However, in this Rule 23 evaluation, "only the typicality and adequacy prongs ... are relevant." *Marcus v. J.C. Penney Co.*, No. 6:13-CV-736, 2014 WL 11394911, at *5 (E.D. Tex. Feb. 28, 2014) (citation omitted); *Okla. L. Enf't Ret. Sys. v. Adeptus Health Inc.*, No. 4:17-CV-00449, 2017 WL 3780164, at *4 (E.D. Tex. Aug. 31, 2017). Thus, to satisfy the Rule 23 requirements under the PSLRA, a lead plaintiff must have claims or defenses that are "typical of the claims or defenses of the class," and the lead plaintiff must "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a).

Notably, for purposes of Rule 23 analysis under the PSLRA, the Court "need not raise its inquiry to the level required in ruling on a motion for class certification." *Hohenstein v. Behringer Harvard REIT I, Inc.*, No. 3:12-CV-3772, 2012 WL 6625382, at *2 (N.D. Tex. Dec. 20, 2012). Rather, it is sufficient that a lead-plaintiff movant make only a prima facie showing that he or she satisfies the typicality and adequacy requirements of Rule 23. *Singh v. 21 Vianet Grp., Inc.*, No. 2:14-CV-894, 2015 WL 5604385, at *1 (E.D. Tex. Sept. 21, 2015).

To be "typical" of the class, the potential lead plaintiff's claim must have "the same essential characteristics as those of the other class members." *Marcus*, 2014 WL 11394911, at *5 (citation omitted), such that "the incentives of the plaintiffs are aligned with those of the class." *Hohenstein*, 2012 WL 6625382, at *3 (quoting *Beck v. Maximus, Inc.*, 457 F.3d 291, 295–96 (3d Cir. 2006)). Further, a lead-plaintiff movant is adequate when he or she is "prepared to prosecute the action vigorously," *Stein v. Match Grp., Inc.*, No. 3:16-CV-549, 2016 WL 3194334, at *5 (N.D. Tex. June 9, 2016) (citation omitted), and when no conflicts exist between the named plaintiffs' interests and the class members' interests. *James v. City of Dallas.*, 254 F.3d 551, 571 (5th Cir. 2001) (quoting *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625–26 (5th Cir. 1999)).

Bronstein has established a prima facie showing that he satisfied the typicality and adequacy requirements of Rule 23 because he alleges that he shares substantially similar questions of law and fact with the members of the class and his claims are typical of the claims of the members of the class, and he submits that he is willing to serve as lead plaintiff by acting on behalf of other class members in directing the action.

This presumption that Bronstein is the "most adequate plaintiff" may only be rebutted by proof that he is subject to unique defenses or will not adequately and fairly represent the class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). No party has provided such proof, and the Court is unaware of any such proof in the record.

5

**D. Lead Counsel**

Once the Court selects a lead plaintiff, that plaintiff can then choose lead counsel, subject to the Court's approval. 15 U.S.C. § 78u–4(a)(3)(B)(v). Bronstein has retained The Rosen Law Firm, P.A. as lead counsel and Steckler Wayne Cochran Cherry, PLLC as liaison counsel in this matter and has moved for the Court's approval. (Dkt. #15). The Court has reviewed the background and experience of each firm and is satisfied that each could adequately represent the plaintiff class in this action. (Dkts. #15-5, #15-6). Rosen Law has served as lead counsel in various securities class actions that have resulted in substantial recoveries for shareholders. (Dkt. #15-5). Steckler Wayne Cochran Cherry has many years of experience handling complex litigation, including certified class actions. (Dkt. #8-6). The Court therefore approves Bronstein's selection of lead counsel and liaison counsel.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion of Andrew Bronstein for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel (Dkt. #15), and **DENIES in part** the Motion of Esmond L. Dominick for Appointment as Lead Plaintiff and Approval of Counsel, (Dkt. #14), and the Motion of John Bryan for Appointment of Lead Plaintiff, and Approval of Lead Counsel, (Dkt. #16).

The Court further **ORDERS** that Andrew Bronstein is appointed as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u–4(a)(3)(B); and Bronstein's selection of The Rosen Law Firm, P.A. as lead

counsel and Steckler Wayne Cochran Cherry, PLLC as liaison counsel are approved pursuant to 15 U.S.C. § 78u–4(a)(3)(B)(v).

**So ORDERED and SIGNED this 23rd day of November, 2021.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE