**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| JAMES CELESTE, Individually and on Behalf of All Others Similarly Situated, | § CIVIL ACTION NO. 4:21-cv-00307-SDJ<br>§ [**LEAD CASE**]<br>§ |
| Plaintiff, | § |
| | § CLASS ACTION |
| v. | § |
| | § |
| INTRUSION, INC., JACK B. BLOUNT, MICHAEL L. PAXTON, B. FRANKLIN BYRD, T. JOE HEAD, GARY DAVIS, and JAMES GERO, | § § § § § |
| Defendants. | § |
| GEORGE NEELY and JOAN NEELY, Individually and on Behalf of All Others Similarly Situated, | § CIVIL ACTION NO. 4:21-cv-00374-SDJ<br>§ [**CONSOLIDATED**]<br>§ |
| Plaintiff, | § CLASS ACTION<br>§ |
| v. | § § |
| | § |
| INTRUSION, INC., JACK B. BLOUNT, MICHAEL L. PAXTON, B. FRANKLIN BYRD, T. JOE HEAD, GARY DAVIS, and JAMES GERO, | § § § § |
| Defendants. | § § |

**[PROPOSED] ORDER AND JUDGMENT APPROVING**
**CLASS ACTION SETTLEMENT**

WHEREAS, Lead Plaintiff Andrew Bronstein ("Lead Plaintiff"), on behalf of himself and the Class, and Defendants Intrusion, Inc. ("Intrusion" or the "Company"), Jack B. Blount, Michael L. Paxton, B. Franklin Byrd, T. Joe Head, Gary Davis, and James Gero ("Defendants" and collectively with Lead Plaintiff the "Parties") have entered into a Revised Stipulation and Agreement of Settlement dated as of June 1, 2022 (the "Stipulation") (Dkt. No. 55), which provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation, which is attached hereto;

WHEREAS, by Order dated August 17, 2022 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and accurate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class as provided for in the Preliminary Approval Order;

WHEREAS, the Court conducted a hearing on the November 30, 2022 (the "Settlement Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Stipulation are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against Defendants, including the release of the Released Claims against the

1

Released Parties; and (b) whether judgment should be entered dismissing the Action with prejudice;

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.	The Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.	This Order and Judgment incorporates and makes part hereof: (a) the Stipulation filed with the Court on August 10, 2022, and (b) the Long Notice and Summary Notice filed with the Court on August 10, 2022.

3.	The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

(a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

(b) there are questions of law and fact common to the Settlement Class;

(c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class he seeks to represent;

(d) Lead Plaintiff and Lead Counsel fairly and adequately represent the interests of the Settlement Class;

2

(e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

    i.    the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions;

    ii.    the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members;

    iii.    the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and

    iv.    the difficulties likely to be encountered in the management of the class action.

The Settlement Class is being certified for settlement purposes only.

4.    The Court hereby finally certifies this action as a class action solely for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all persons and entities that purchased or otherwise acquired Intrusion common stock during the period between October 14, 2020 and August 26, 2021, both dates inclusive, were damaged thereby. Excluded from the Settlement Class are: (a) Defendants; (b) the officers, directors, and affiliates of Intrusion, at all relevant times; (c) Intrusion's employee retirement or benefit plan(s) and their participants or beneficiaries to the extent they purchased or acquired Intrusion stock through any such plan(s); (d) any entity in which Defendants have or had controlling interest; (e) immediate family members of any excluded person; (f) the legal representatives, heirs, successors, or assigns of any excluded person or entity; and (g) all those who submit timely and valid request

for exclusion. All persons who filed valid and timely requests for exclusion are listed on Exhibit A hereto.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Lead Plaintiff is certified as the class representative on behalf of the Settlement Class ("Class Representative") and Lead Counsel previously selected by Lead Plaintiff and appointed by the Court is hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

6.      In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Judgment except those persons listed on Exhibit A to this Order and Judgment.

7.     The Settlement is approved as fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure. This Court further finds that the Settlement set forth in the Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of Class Representative, Settlement Class Members, and Defendants. The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.     The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against Defendants and the Released Parties. The Parties are to bear their own costs, except as otherwise expressly provided in the Stipulation.

9.     The Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim and Release Form, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Order and Judgment shall have, fully, finally, and forever released, relinquished, compromised, settled, waived, dismissed, and discharged each and all of the Released Claims against the Released Parties. The Releasing Parties shall be deemed to have, and by operation of this Order and Judgment shall have, covenanted not to sue the Released Parties with respect to any and all Released Claims in any forum and in any capacity. The Releasing Parties shall be and hereby are permanently barred, restrained, and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties, including Defendants'

5

Counsel. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of the Stipulation or this Order and Judgment.

10.    Defendants, on behalf of themselves and their Related Parties, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Class Representative, Settlement Class Members, Class Counsel, and their respective Related Parties from all Claims, whether known or Unknown Claims, which arise out of, concern or relate to the institution, prosecution, settlement or dismissal of the Actions (the "Defendants' Released Claims"), and shall be permanently enjoined from prosecuting the Defendants' Released Claims against Class Representative, Settlement Class Members, Class Counsel, and their respective Related Parties. Nothing contained herein shall, however, bar the Released Defendants' Parties from (i) bringing any action or claim to enforce the terms of the Stipulation or this Order and Judgment, or (ii) asserting any action or claim against any Person who would be a member of the Class and timely excludes himself, herself, or itself.

11.    To the fullest extent permitted by law, all Persons shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement that they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member arising out of, relating to or concerning such Persons' participation in any acts, facts, statements or omissions that were or could have been alleged in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum. Further,

6

nothing in the Stipulation or this Order and Judgment shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

12.     The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Class Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

13.     The Court finds that the Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 as to all proceedings herein.

14.     Neither this Order and Judgment, the Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with them:

(a)     is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Class Representative the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of Defendants, the Released Parties, or each or any of them;

(b)     is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Released Defendants' Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

(c)     is or may be deemed to be or shall be used, offered or received against the Parties, Released Defendants' Parties, or each or any of them, as an admission, concession

7

or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by Class Representative, the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)      is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Defendants, or the Released Parties, or each or any of them, that any of Class Representative's or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than or greater than the amount that could have or would have been recovered after trial.

15.     The Released Parties may file the Stipulation and/or this Order and Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Parties may file the Stipulation and/or this Order and Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Order and Judgment.

16.     Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Settlement Stipulation and/or further order of the Court.

8

17.     Without affecting the finality of this Order and Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over the Parties and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

18.     Without further approval from the Court, Class Representative and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Defendants and Class Representative may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.     The finality of this Order and Judgment shall not be affected, in any manner, by rulings that the Court may make on Class Counsel's application for an award of attorneys' fees and expenses to Class Counsel or award to Class Representative.

20.     In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order and Judgment (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or the Released Parties, and each Party shall be restored to his, her or its respective litigation positions as they existed as of April 5, 2022 pursuant to the terms of the Stipulation.

21.     There is no just reason for delay in the entry of this Order and Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

10