# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION



| | |
|---|---|
| JAMES CELESTE, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>INTRUSION, INC., JACK B. BLOUNT, MICHAEL L. PAXTON, B. FRANKLIN BYRD, T. JOE HEAD, GARY DAVIS, and JAMES GERO,<br><br>　　　Defendants. | § CIVIL ACTION NO. 4:21-cv-00307-SDJ<br>§ **[LEAD CASE]**<br>§<br>§<br>§ CLASS ACTION<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |
| GEORGE NEELY and JOAN NEELY, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>INTRUSION, INC., JACK B. BLOUNT, MICHAEL L. PAXTON, B. FRANKLIN BYRD, T. JOE HEAD, GARY DAVIS, and JAMES GERO,<br><br>　　　Defendants. | § CIVIL ACTION NO. 4:21-cv-00374-SDJ<br>§ **[CONSOLIDATED]**<br>§<br>§ CLASS ACTION<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**LEAD PLAINTIFF'S MOTION FOR DISTRIBUTION OF CLASS ACTION
SETTLEMENT FUNDS AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Fed. R. Civ. P. 23(e), and the Court's January 10, 2023, Scheduling Order

Governing Distribution of Class Settlement Funds (Dkt. No. 79), Lead Plaintiff Andrew Bronstein

("Lead Plaintiff"), on behalf of himself and the Settlement Class, respectfully submits this  Motion

for Distribution of Class Action Settlement Funds and Memorandum of Law in Support.

1

## I.    INTRODUCTION

This action has been settled pursuant to the terms of the Revised Stipulation and Agreement of Settlement dated June 1, 2022 (the "Stipulation") (ECF. No. 55). Unless otherwise defined, capitalized terms herein have the same meanings attributed to them in the Stipulation.

On August 17, 2023, the Court entered its Order granting Lead Plaintiff's Revised Motion and Memorandum of Law in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (ECF No. 56). On December 16, 2023, the Court entered its Memorandum Opinion & Order granting Lead Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation ("Final Approval Order") (ECF. No. 74) and Final Judgment (ECF No. 75).

The court-appointed Claims Administrator, Strategic Claims Services ("SCS"), advised - Lead Counsel that it has now completed all analyses and accounting procedures in connection with the submitted claims and has finalized its determination of which claims are authorized and which are ineligible. *See* Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process ("Bravata Declaration") at ¶¶6-9. All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants. Lead Counsel therefore requests that the Court authorize the distribution of the Net Settlement Fund to Authorized Claimants, as identified in Exhibits B-1 and B-2 to the concurrently filed Bravata Declaration.

## II.    DETERMINATION OF AUTHORIZED CLAIMS

Pursuant to the Preliminary Approval Order, Class Members wishing to participate in the Settlement were required to submit a Proof of Claim and Release Form ("Claim Forms") postmarked no later than October 31, 2022. Preliminary Approval Order ¶19(a). The Claims Administrator continued processing all claims received up to November 16, 2022. Bravata

Declaration ¶6. As a result of an effective notice program, through November 16, 2022, SCS has received 1,634 Claim Forms. *Id.* SCS reviewed all 1,634 Claim Forms and has now finalized its determination of which claims are authorized and which are ineligible. *Id*.

### A.  Valid and Properly-Documented Claims

SCS analyzed the 1,634 Claim Forms received through November 16, 2022, and determined that 963 valid and properly-documented claims were received. Of these 963 claims, 954 were timely (*i.e.,* postmarked no later than October 31, 2022) ("Timely Valid Claims") and 9 were postmarked after October 31, 2022, but received on or before November 16, 2022 ("Late Valid Claims"). Bravata Declaration ¶7(a). These valid claims represented Recognized Losses of $22,292,964.71 for shares purchased during the period from October 14, 2020, through August 26, 2021, inclusive, including Recognized Losses for Timely Valid Claims of $21,830,391.34 and Recognized Losses for Late Valid Claims of $462,573.37.

Lead Plaintiff requests that the Court accept all 963 valid claims, including the 954 Timely Valid Claims and the 9 Late Valid Claims. The Late Valid Claims have not caused delay to the distribution of the Net Settlement Fund or otherwise prejudiced any Authorized Claimant. Accordingly, Lead Plaintiff believe that it would be unfair to prevent otherwise valid claimants from participating in the Net Settlement Fund solely because their claims were submitted after the October 31, 2022, submission deadline, but while claims were still being processed. *See In re Valuevision Int'l Inc. Sec. Litig.*, No. 94-CV-2838, 1997 WL 786457, at *1 (E.D. Pa. Dec. 1, 1997) (allowing claims submitted after claims deadline because there was no delay in claims administration process); *In re "Agent Orange" Product Liability Litig.*, 689 F. Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitted the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants

and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the late claims and opt-out claims"); *In re Authentidate Holding Corp. Sec. Litig.*, No. 05 CIV. 5323 LTS, 2013 WL 324153, at *1 (S.D.N.Y. Jan. 25, 2013) (courts have "inherent power to accept late claims") (citation omitted); *In re Crazy Eddie Securities Litigation*, 906 F. Supp. 840, 845 (E.D.N.Y. 1995) (court allowed late claims postmarked within one month and four days of original deadline to participate in the distribution of settlement funds); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 321 (3d Cir. 2001) (court allowed late claim on "finite pool of assets").

Accordingly, Lead Plaintiff respectfully requests that the Court approve the 963 properly documented claims as listed in Exhibits B-1 and B-2 to the Bravata Declaration.

### B. Deficient and Ineligible Claims

#### 1. Inadequately Documented Claims

SCS initially identified 100 inadequately documented claims. Bravata Declaration ¶7(b). For all inadequately documented claims, SCS sent inadequacy notices advising claimants of the inadequacy and giving them the opportunity to cure the deficiency. *Id.,* Exhibit C. Of the 100 claims initially identified as deficient, 60 have been successfully cured and are now considered valid. *Id.* The remaining 40 deficient claims either did not respond to the inadequacy notice or responded with insufficient documentation. *Id.,* Exhibit D. These claimants were sent a rejection notice explaining the reason(s) for their inadequacy. *Id.*

To date, none of the 40 rejected claimants has objected to or contested SCS's determination. Bravata Declaration, ¶7(b). Lead Plaintiff respectfully asks the Court to accept SCS's determination and reject these 40 claims.

**2.      Ineligible Claims**

In addition to the 40 claims discussed above in paragraph B.1, SCS has identified 631 claims that it recommends for complete rejection. Bravata Declaration ¶7(c), Exhibit E. Included in this category are: i) claims with no Recognized Losses; (ii) claims with shares of Intrusion, Inc. ("Intrusion") common stock that were purchased outside of the Settlement Class Period; (iii) claims for Intrusion common stock not purchased or otherwise acquired, but received or granted by gift, inheritance, or operation of law; (iv) duplicate claims; (v) claims with shares sold short; (vi) claims filed for securities other than Intrusion common stock; and (vii) fraudulent claims. *Id*. Such claimants were sent rejection notices advising them of SCS's determination. *Id.,* Exhibit F. To date, none of these ineligible claimants has contested SCS' determination. Lead Plaintiff respectfully asks the Court to accept SCS's determination and reject these 631 claims.

**III.     PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND**

Pursuant to ¶7.3 of the Stipulation, "Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Long Notice and any orders of the Court." Further, pursuant to the Notice of Pendency and Proposed Settlement of Securities Class Action ("Long Notice") (ECF No. 55-2), "[t]he Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's valid 'Recognized Loss.'" Lead Counsel now seeks to distribute the Net Settlement Fund to the Class Members whose 963 claims have been accepted as set forth in Exhibits B-1 and B-2 of the Bravata Declaration, in proportion to their Recognized Losses as shown therein.

According to the Long Notice, "If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the

distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial disbursement to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (c) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Lead Counsel."

To the extent a balance exists after re-distribution, with the Court's approval, Lead Plaintiff designates the Texas Advocacy Project[1] and the Texas Civil Rights Project[2] each to receive half of any remaining balance.

### IV.    CONCLUSION

Based on the foregoing, Lead Plaintiff respectfully requests that the Court approve and enter the [Proposed] Order for Distribution of Class Action Settlement Funds, submitted herewith.

---

[1] https://www.texasadvocacyproject.org/
[2] http://www.texascivilrightsproject.org

Dated: February 21, 2023                    Respectfully Submitted,

                                            **COCHRAN LAW PLLC**

                                            */s/ Stuart L. Cochran*
                                            Stuart L. Cochran
                                            Texas Bar No. 24027936
                                            8140 Walnut Hill Lane, St. 250
                                            Dallas, Texas 75231
                                            Tel: (469) 333-3405
                                            Email: stuart@scochranlaw.com

                                            *Liaison Counsel for Plaintiff and the Class*


                                            **THE ROSEN LAW FIRM, P.A.**
                                            Brent J. LaPointe (*pro hac vice*)
                                            Phillip Kim (*pro hac vice*)
                                            275 Madison Avenue, 40th Floor
                                            New York, New York 10016
                                            Tel: (212) 686-1060
                                            Fax: (212) 202-3827
                                            Email: blapointe@rosenlegal.com
                                                    Email: pkim@rosenlegal.com

                                            *Lead Counsel for the Plaintiff and the Class*


## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

                                            */s/ Stuart L. Cochran*
                                            Stuart L. Cochran


7

## <u>CERTIFICATE OF CONFERENCE</u>

On February 20, 2023, Lead Counsel conferred with Defendants' counsel, who do not oppose the relief requested herein.

*/s/ Stuart L. Cochran*
Stuart L. Cochran